Good morning. I just have a couple of comments that I'm going to make before we start, so if you want to sit down for a second you can be comfy. Judges Sung and Nguyen and I welcome everyone to the Ninth Circuit here today. I guess we have some special guests from, is it Lake Ridge High School? All right, who are going to be observing, so extra pressure on the lawyers today because you've got young aspiring lawyers possibly watching as far as that goes. I'm going to basically, I'm going to handle the submitted cases first and then I'll call the cases otherwise in the order that they're on the calendar. If you are here for oral argument today, you have an amount next to your case as to how much time the court has allowed you. If you are the appellant in the case, for example, the first case for argument is 10 minutes each and if you're the appellant, the 10 minutes includes any time you wish to reserve for rebuttal. You are responsible for keeping track of your time, however, the clock counts down and I'm looking right at it and then it goes up and just because it goes up, it doesn't mean I gave you extra time, it means you've moved into overtime, so you risk the possibility of being done. I will tell you, however, while I realize that all of the advocates have things that they want to tell us, you have to understand that we also consider oral argument our time because we have to decide your cases. I want to make sure that I and my colleagues have any opportunity to ask any questions that we have in order to decide your cases. If when the clock runs out, one of the judges is asking you questions, you don't need to ask permission to continue that, just answer the judge's questions and if I feel that we've taken up all of your time, I may give you a little additional time for rebuttal, but that just depends on if we have additional questions as far as that goes. So when you come to the podium, if aspirationally you want to save a certain amount of time for rebuttal, if you let me know, I'll try to remind you when the time comes up, but as you know, it's a fluid process in terms of argument. So Marisol Rodriguez-Ramos v. Merrick Garland, case number 23-1683, that's submitted on the briefs, will be submitted as of this date. Roderick Dressler v. Martin O'Malley, 23-3092, submitted on the briefs, will be submitted as of this date. Omar Leonardo Cepeda Vigoya, 23-4294, submitted on the briefs, will be submitted as of this date. Jose Humberto Escalante-Onzora, 23-936, submitted on the briefs, submitted as of this date. Franz Gabriel Nantipia Velacella v. Merrick Garland, 24-208, submitted on the briefs, will be submitted as of this date. Heon Sang Fields, 24-2344, that's versus Martin O'Malley, submitted on the briefs and is submitted as of this date. Then we have United States of America v. Verganza, submitted on the briefs, that's 24-904, and submitted as of this date. And now we'll head into the argument cases. The first matter on for argument is Steven Anderson v. the IDOC Policy Administration. Each side has 10 minutes total. In this matter, I note that counsel for Mr. Anderson was a pro bono appointment in this matter. And just so that I don't forget later, while we appreciate all of the lawyers that come to court, the pro bono program is something that we have, I'll state for the students, where someone is representing themselves in a civil case, but the court for one reason or another thinks it would be helpful to have counsel appointed and assist. And we have a pro bono panel that we go to and people accept appointment and then they handle it for, in this case, it was a pro se prisoner case, as far as that goes. So I would like to thank pro bono counsel in advance. It's always helpful for the court to have both sides represented by counsel. We especially appreciate people doing pro bono work and assisting the court, but we appreciate all of you that are here doing work for the court. And so we're ready to proceed. Good morning. Good morning. May it please the court. I'm Adriana Simonelli from Perkins Coie, appearing on behalf of Appellant Steven Anderson through the Ninth Circuit's pro bono program. I appreciate the opportunity to be here today. I'd like to respectfully request two minutes for rebuttal. I will be sure to watch the clock. Mr. Anderson asks this court to reverse the district court, find that Heck does not bar his claims for prospective relief, order the district court to apply this circuit's relevant case law, and remand for further proceeding on the merits. Unless the court has questions, I plan to focus my arguments on this court's opinions in Martin and Thornton. Now, I do have a question that I want to ask you about your damages claim. Yes. In your briefs, you frame Mr. Anderson's claim as one for prospective relief. I think it's, but on ER 17, the first amendment complaint requests compensatory and punitive damages. Are you challenging the district court's order to the extent it dismissed Mr. Anderson's claim for damages? If so, where do you make that damages argument in your briefs? And if so, what is your best argument, authority that Mr. Anderson's claim for damages is not Heck barred? I do not have authority at this time to waive my client's claim for damages. I would say that the district court had the authority to look at the constellation of claims that Mr. Anderson brought and could parse those claims. That's what this panel, this court did in Thornton. There was a claim for damages. But the district court, it dismissed Mr. Anderson's claims for damages, right? Correct. So where do you make the argument in your brief that you're challenging that dismissal? I don't think that I do. My brief focuses primarily on his claims for prospective declaratory and injunctive relief. So it is possible if we don't find any authority that his damages claims might be Heck barred, correct? That's correct. But I would say that they are not necessarily Heck barred. They are only Heck barred to the extent that they imply the invalidity of his underlying incarceration. Just to be perfectly clear, you're not challenging the second parole condition at all, right? Correct. So your argument is that we should remand on both the damages and the prospective relief claim because there's no Heck bar issue here. So the second parole violation alone could support his incarceration? That's correct. Mr. Anderson was found to have violated two conditions of his parole. He only challenges the prospective enforcement of the parole condition that limits his access to the internet or a computer. He does not challenge the parole condition that he violated his aftercare plan. And this court in Thornton had found when a prisoner was challenging only two conditions of his parole that that did not affect his status as a parolee or his other parole conditions that he was subjected to. And he could bring that challenge prospectively. He's now out of custody? Mr. Anderson is out of custody on parole in southeastern Idaho. So if we were to remand this case, do you know whether Mr. Anderson would have counsel to represent him? My engagement letter with Mr. Anderson is purely for purposes of this appeal in front of the Ninth Circuit. I do not know if he would have counsel through the District of Idaho. Assuming that Mr. Anderson's claims are not Heck barred, has he sued the right defendants or does he need leave to amend to name any different defendants? I think as the state points out in its briefing, Mr. Anderson did name some of the wrong entities and I think would welcome the opportunity to amend his complaint to be more clear about the individuals and entities that he's suing. So to me, it's a little bit there's a on the Heck bar. All right. When Mr. Anderson filed his first amended complaint and when the district court dismissed it, he was still incarcerated, but he's not incarcerated anymore. So what would have happened if Mr. Anderson had succeeded on his claims and the district court had declared special condition 10 unconstitutional? Would that have entitled him to an earlier release? It would not have entitled him to an earlier release. The complaint, his amended complaint only sought to enjoin the prospective enforcement and sought declaratory relief. Well, our case law says it's not just you can't plead around Heck by limiting your request for relief. So if it necessarily implied the invalidity of his incarceration, that would invoke the Heck bar. I think my question would be whether the second parole violation was independently sufficient to whether his whole parole revocation and time in prison was based solely on the second violation or like essentially whether they were being he was serving the parole violations concurrently such that the invalid the invalidation of one of them would not have affected his term of custody. That's my understanding. Mr. Anderson was serving a period of incarceration for violating both conditions. So affording him relief would not have led to his speedier or more timely release from that incarceration. That's my understanding. How do we know that from the record? The record is thinner than I think it would have been had Mr. Anderson had counsel below. I'm not sure it's immediately apparent, but the record does demonstrate that he violated both of those parole conditions and his incarceration was tied to both of those parole conditions. Can we avoid the issue of whether it was Heck barred at the time he was incarcerated and just deal with it now? I think that he's not incarcerated. Yes, the fact that Mr. Anderson's not incarcerated right now I think makes this case much easier for the panel to decide. It's factually analogous to Martin. Well, we don't conference on these before we come, but it seems to me it would be easier on that. Certainly. So do we really have to decide the harder one? I think that the panel could remand to the district court and let Mr. Anderson amend his complaint and proceed under section 1983 now that he's not incarcerated. I do think there's some confusion here by the district court and perhaps by the state around this court's precedent in Martin and Thornton that it might be helpful to clarify. Well, it's always helpful, but that doesn't make it easy sometimes. I would agree. But you could be satisfied with just winning on the ladder as opposed to a double win? I could. Yes, that's correct. Okay. I see that I am approaching my two minutes. Unless the panel has any further questions, I'd like to... You can reserve it then. Excellent. Thank you. Good morning. Good morning. May it please the Court, Sean Corker for Idaho Department of Corrections, Defendants Appellees. Plaintiff focuses on two cases, Martin and Thornton. Both these cases are inapplicable since the plaintiff was in prison when the district judge made his decision. The district court rightly ruled that an imprisoned plaintiff cannot use 1983 to sue the state for the very reason he is confined. In fact, under HEC, a 1983 action is barred. Its success in that action would even imply... There were two parole conditions. He's not challenging the second one. Why doesn't that make a difference? Because HEC refers to confinement or duration. The fact that the Idaho Commission of Pardons and Paroles stated that he was being re-incarcerated for both those two conditions means that that particular incarceration or duration is invalid and would need to be re-sentenced. The purpose of this bar... Because you're assuming that the length of incarceration is based on the violation of both conditions. That's the analysis, right? That's correct. And the Idaho Board of Commission seems to agree based on their reading of it. They were very clear that it was two violations for which he was being re-incarcerated for. I'm not sure why the state's fighting this so hard. He's out of custody now. He's challenging a condition that... It's debatable as to whether the breadth of this condition had any close nexus to the offense of conviction. Doesn't he get to... He can refile the lawsuit, I suppose, even if you wouldn't on this one, and challenge the condition of parole. He is on lifetime parole, right? That's correct. So what is it that you want us to do? We have no problem with refiling the complaint. We believe under current Ninth Circuit precedent under Thornton, you are allowed to use 1983 to challenge a parole condition. The only question in front of this court is whether the district court was right when it made its decision at the time it made its decision. But now he's not incarcerated. Now he's not incarcerated. And so is it your position then if we consider it now, it's not HECBARD? Is that correct? That's correct. Under current Ninth Circuit precedent, Thornton has no issue with using 1983 to challenge parole conditions. So I said, is there a way to avoid deciding at the time that he was incarcerated whether it was HECBARD and just deal with right now? He can send it back and he can... That it's clearly not HECBARD now? This is a court of review, not a court of first impression. I would recommend that this case be refiled so we could argue in front of the district court any particular issues. What difference does that make? Why would you insist on affirmance versus remand with Liev Thurman? It's only because we are trying to hold the fact that the district court was right when it made its decision and that an incarcerated plaintiff cannot use 1983 to sue the state. You want the law, you want us to say as a matter of law that the district court was correct? That's correct. But let's say we dodge it and just remand it and he can file it now and that's the... So you don't get the law that you want, but you acknowledge that he can file that anyway. We do acknowledge that he can refile. Our only question here is whether the district judge was right when he made its decision and it does seem that he was based on current precedent. I would like to focus... There was no analysis for trying to tease the two parole conditions apart though. Sorry, can you repeat that? There was no analysis by the district court trying to tease the two parole conditions apart. So one parole condition can be struck down as constitutional and that doesn't necessarily mean that the period of incarceration is invalid. I would say it necessarily implies that either the incarceration or the duration is invalid. The parole board was clear in the fact that it focused on two breaking conditions and get reincarcerated based on breaking two conditions. It's impossible to just take out one and not have any effect. For instance, let's say a person is put to prison for 40 years for two murders. If he's proven innocent on one murder, he would have to be resentenced. Do you dispute that the district court erred in ruling on a superseded version of the complaint? And if so, where do you make that argument in your briefs? I don't think it matters. It's a 12B6 motion. It's reviewed de novo. So we have the operative complaint in front of us. And all we look at in our brief is the fact that independently, the fact that he's challenging the very reason he's incarcerated is enough to be barred by HEC. I would like to spend a moment differentiating Martin and Thornton. First, Thornton was never in prison for violating his parole. That case was merely about whether you were allowed to challenge a condition of parole. And the reasoning was based on the fact that confinement is different than condition of parole. And same thing with Martin. None of the plaintiffs who succeeded in Martin were imprisoned at the time they filed suit. Martin actually explicitly brings up the fact that the Supreme Court statement, the HEC bar applies no matter the relief sought. And they distinguished it because that statement applies to, I quote, applies to, I quote, equitable relief concerning an existing confinement. In other words, the Ninth Circuit has been clear that being imprisoned and challenging a claim is different than being out of prison and challenging a claim. This, the HEC bar is fair. There were other potential avenues for the plaintiff to attack this case. Before confinement, and now, he could use 1983 to attack his conditions of parole. Alternatively, habeas was an option under Idaho Code 19-4205. Alternatively, during confinement, to challenge the revocation of his parole, he could have used habeas or a direct appeal. It's not like there weren't other options available. Plaintiff has just chosen the wrong option here. The HEC bar applies to meritorious claims. Let me ask you about the damages. You heard me ask your friend on the other side about, I think the district court dismissed Mr. Anderson's claim for damages. And they didn't argue in their brief. They didn't challenge that. So are his claim for damages HEC barred? That's correct. Both his claim for damages and his claim for declaratory relief are HEC barred. Roy HEC, when he sued, was asking for damages. And Edwards was asking for declaratory relief. The Supreme Court was clear that those claims are HEC barred. What about now? Could he file a claim for damages now? No, only prospective relief. Even though he's not in custody anymore? Even though he's not in custody. I would like to take a moment to just go through the timing of this. Plaintiff was arrested. He, after his arrest, the Idaho Commission of Pardons and Parole formally revoked his parole and incarcerated him. Only after that did plaintiff file an amended complaint, and the district judge made his decision. So to be clear, he was in prison. And any time you necessarily imply the invalidity of the punishment imposed, it is barred by HEC. The purpose of HEC is to keep suits on one defined path, ensure there's no inconsistent judgments, and let states sort out any constitutional issues themselves before federal court intervention. So assuming that Mr. Anderson's claims are not HEC barred now, has he sued the right defendants, or does he need leave to amend to name different defendants? The district court read the, I think he named it the Idaho policy. I don't remember the exact name. It's not a real organization. But the district court read it to include both the commission and the Idaho Department of Corrections, which is correct. So there's no need to amend on that basis because the district judge did correct that in his reasoning. So if we were to remand, you would not dispute that he had essentially effectively named the correct defendants? I would say that it wouldn't make any difference to saying whether the district judge is correct or incorrect because the district judge read the complaint as saying that. So again, plaintiff's appeal must fail. First, by necessarily implying the invalidity of his confinement, plaintiff's claims are clearly barred by HEC. Second, Martin and Thornton are inapplicable since the plaintiff was incarcerated at the time of the district court's decision. And third, the judge's alleged error in deciding the case by supposedly relying on the original complaint is irrelevant. There don't appear to be additional questions. No more questions. Thank you, Your Honors. Thank you. The HEC doctrine serves to ensure the finality and validity of previous convictions, not to insulate future prosecutions from challenge. That is from this court's opinion in Martin v. City of Boise. I'd contend here that the fact of Mr. Anderson's incarceration is a red herring. He could always use Section 1983, whether he was incarcerated or not, to prospectively challenge the parole condition. The state and the district court remain in need of guidance from this panel. Yes, the panel could vacate, but I believe a short mem dispo clarifying the applicability of Martin and Thornton here would be of great use. So are you arguing that if while incarcerated, he had limited his complaint clearly only to prospective relief, there would have been no HEC bar? Correct. And I think that's exactly what Mr. Anderson did here. You saw in the record, he removed the complaint, removed the claim for retaliation from the original complaint to the amended complaint. I think that's the only claim that could be construed as perhaps implying the invalidity of the underlying incarceration. I think the damages claim is an open question, as the panel identified, but his claims for prospective declaratory and injunctive relief are not barred merely by the fact of his incarceration. The claims he brings need to necessarily imply the invalidity of his confinement. Well, I don't know that we acknowledge that the damages claim is open. I said it was dismissed and you didn't challenge it. Correct. I misspoke. Okay. I agree. I just want to make sure I heard what you said. Because I didn't think I said that. You did not.  I meant to convey what you said and I artfully did it. Thank you for catching that. I'd also like to close and say that the state here conceded in its briefing that Mr. Anderson's amended complaint does not necessarily imply the invalidity. It conceded repeatedly in the brief that nowhere does his amended complaint necessarily imply the invalidity of his underlying incarceration. There's no more questions? There do not appear to be additional questions. Thank you both for your argument. This matter is submitted on the briefs. I mean submitted as of this time. Thank you.
judges: CALLAHAN, NGUYEN, SUNG